UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB L. PRAWAT,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN T. BOYD, *et al.*,<br><br>    Defendants. | CAUSE NO. 3:19-CV-1137-DRL-MGG |

OPINION AND ORDER

Jacob L. Prawat, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To state a claim under 42 U.S.C. § 1983, he "must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Prawat alleges that he is being denied access to the law library at the Laporte County Jail on the basis that he has appointed counsel. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants'

conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Moreover, "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). In the complaint, Mr. Prawat does not explain how lack of access to the law library has harmed his legal claims. Though Mr. Prawat names three individual defendants, he does not explain how they were personally involved with denying him access to the law library. Consequently, Mr. Prawat may not proceed on this complaint.

Though Mr. Prawat cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons:

(1) GRANTS Jacob L. Prawat until February 7, 2020 to file an amended complaint; and

(2) CAUTIONS Jacob L. Prawat that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

January 8, 2020            *s/ Damon R. Leichty*
                           Judge, United States District Court

2